RECEIVED

MAY 0 7 2018

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case No.: 7:18-cv-74-D |
| *Plaintiff,* | ) | Hon. |
| | ) | Judge Presiding |
| v. | ) | |
| | ) | Hon. |
| STATE OF NORTH CAROLINA, | ) | Magistrate Judge |
| *Defendants.* | ) | |
| | ) | Jury Trial Demanded |

## COMPLAINT

Now comes *plaintiff* Andrew U. D. Straw, *pro se*, an adjudicated "qualified person with a disability" under the ADA, and seek ADA Title II relief against State of North Carolina for enacting laws that discriminate based on disability and interfere with military families and their relief from the Camp LeJeune poisons, violating Articles I and II of the U.S. Constitution, justifying relief under the 14th Amendment, and so COMPLAIN:

## BACKGROUND FACTS

1. I was born at Camp LeJeune, NC, on March 19, 1969 and was poisoned by the base.

2. I incorporate by reference the attached affidavit and all matters referenced therein as incorporated. This includes both the factual and legal grounds for relief. I also incorporate by reference the two exhibits showing my neurobehavioral effects as mentioned by medical professionals.

1

## LEGAL ARGUMENTS & STANDING

3. The ADA, Title II prevails over State law and if North Carolina had excluded the military base at Camp LeJeune from its statutes of repose and limitations, military families stationed at the base would not have to deal with those laws as impediments to their federal relief. They discriminate by inflicting poverty and suffering on people who were disabled permanently by the U.S. Marine Corps.

> II-1.4200 Other Federal and State laws. **Title II** does not disturb other Federal laws or any State laws that provide protection for individuals with disabilities at a level **greater or equal** to that provided by the ADA. **It does, however, prevail over any conflicting State laws.**
> https://www.ada.gov/taman2.html#II-1.4200

4. I am narrowing down my attack to focus on these NC laws and **not on any lawsuit**. This is the way to cure the *Rooker-Feldman* issue, if there is one. *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736 (7th Cir. 2016) explains how attacking statutes avoids any such issues.

5. The State of North Carolina is a covered entity under ADA Title II, 42 U.S.C. § 12202. There is no immunity from the ADA and the State of North Carolina must not assert any such claim.

6. http://www.ada.gov/reg2.htm explains how incredibly broad 28 C.F.R. § 35.134 protections are against retaliation. To the extent that North Carolina was retaliating, I invoke this law and Title V of the ADA.

7. Because these North Carolina laws have violated the ADA Titles II and V for approaching 28 years, and the Rehab Act, I now seek damages under *Barnes v. Gorman*, 536 U.S. 181 (2002).

8. Because these North Carolina laws have interfered with a military base and its personnel, this violates Articles I and II of the Constitution, which give Congress and the president exclusive power over such military installations and the Marines and their families who serve there. The relief I seek for my personal damages from these violations is the 14th Amendment due process clause, including substantive due process because no state should cause military families such suffering and the inability to get monetary compensation as Congress has provided under the 5th Amendment (Bivens) and the FTCA. These laws violating the constitutional framework have caused injury to me and my family and numerous others.

## STANDING

9.  The U.S. Supreme Court has laid out the requirements for standing in a civil rights act case. *Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205 (1972). This Civil Rights Act of 1968 case shows that Article III standing can be created through Congress passing a civil rights act (like the ADA) that gives a particular group the right to sue, and **violation of the terms of the Act** is all the injury an "aggrieved party" needs to show.

10. The *Fiedler* case from Maine showed that *Trafficante*'s 9-0 reasoning applies in the case of the ADA. *Fiedler v. Ocean Properties Ltd.*, 683 F. Supp. 57 (D. Maine 2010).

11. The Trafficante rule that Congress can confer standing in this manner was mentioned positively 20 years later in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

12. In addition, the 14th Amendment applies to North Carolina and when that State violates the terms of that amendment, it must pay.

## DAMAGES

13. I have the right to compensatory damages under the ADA, Title II, and the Rehab Act per *Barnes v. Gorman*, 536 U.S. 181 (2002) and the

4

failure to adjust the North Carolina statute of repose and statute of limitations has caused injury that justifies damages because those state laws are in direct conflict with federal law and the U.S. Constitution itself, as explained in the affidavit.

14. My compensatory damages are both from the ADA and Rehab Act as well as the 14th Amendment, and the punitive damages come from violating Articles I and II of the U.S. Constitution, with the damages through the 14th Amendment. This makes special sense because the rebellion and interference of states such as North Carolina against the federal government, and in particular a U.S. military installation (**Ft. Sumpter**), led directly to the Civil War and then enactment of the 14th Amendment.

## COUNT I: DISCRIMINATION/RETALIATION

15. I have one count for discrimination and this should be the ADA and the Rehab Act of 1973 overcoming the disability discrimination effects of the North Carolina statute of repose and statute of limitations. The damages from this are explained above and in the affidavit attached.

5

## COUNT II: NORTH CAROLINA VIOLATED FEDERAL POWER OVER MILITARY INSTALLATIONS

16. For the reasons explained in the affidavit and above, the State of North Carolina has with its statute of repose and statute of limitations caused injury to me by preventing me from getting the relief promised by Congress in the 5th Amendment (Bivens) and the FTCA. To even have a statute of limitations or repose that inflicts injury on military personnel, especially U.S. Marine Corps families that served in Vietnam, violates exclusive power of Congress (Article I) and the president (Article II) over military installations and personnel. North Carolina knew exactly what it was doing by not creating any exceptions for the military families serving at Camp LeJeune. The 14th Amendment was passed because states were violating federal military installations, causing a Civil War. Now, North Carolina has reached into Camp LeJeune and dictated through its laws that poisoned families will not be compensated for their suffering. The state must pay for this.

## PRAYER FOR RELIEF

17. I demand **$1,000,000** under *Barnes v. Gorman*, 536 U.S. 181 (2002) for the disability discrimination aspect of the state laws I challenge.

18. I demand **$9,000,000** for the violations of Articles I & II of the U.S. Constitution, to be compensated under the 14th Amendment substantive due process and/or procedural due process. My liberties have been severely curtailed by the disabilities caused to me by this base. I should have had relief, but for North Carolina interfering with a federal installation and federal personnel and their federal families.

19. I also seek a declaratory judgment that the ADA, Rehab Act, and the U.S. Constitution (Articles I & II, 14th Amendment) nullify the North Carolina state laws at issue here such that **they never existed** with respect to Camp LeJeune or any other military base or installation, and cannot for these reasons be used to injure any person disabled by the poisons on a military base.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it contains federal questions based on the Americans with Disabilities Act, Titles II & V, and the ADA regulations, the Rehab Act of 1973, Articles I & II of the U.S. Constitution as well as the 14th Amendment. *Bell v. Hood*, 327 U.S. 678 (1946) provides jurisdiction when the

7

Constitution is the grounds for relief. *Marbury v. Madison* justifies challenging a state law with a federal law or the U.S. Constitution.

21. Venue properly lies in the Eastern District of North Carolina under 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district and the whole state, in the State of North Carolina.

I, *plaintiff* Andrew U. D. Straw, verify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury. **Dated: May 2, 2018**

Respectfully submitted,

s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333  Fax: (877) 310-9097
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, *plaintiff* Andrew U. D. Straw, certify that I filed the above COMPLAINT with the Clerk of this Court via U.S. Mail, postage prepaid on **May 2, 2018.** The Clerk will scan this document and file it in the Court's record, and it will be served by the CM/ECF system to all attorneys of record and the Pacer.gov system will make it available to any member of the public.

Respectfully submitted,

s/ ANDREW U. D. STRAW
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333
Fax: (877) 310-9097
andrew@andrewstraw.com
*Plaintiff,* Proceeding *Pro Se*